IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDON DARRYL PRUITT,

    Plaintiff,

v.

AREA ONE PAROLE OFFICER BETTY GREEN, and AREA ONE PAROLE OFFICER JAMES DUNBAR,

    Defendants.

Case No. 16 C 11544

Judge Jorge L. Alonso

## ORDER

For the reasons that follow, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [46] is granted. Civil case terminated.

## STATEMENT

*Background*

Brandon Darryl Pruitt brings this action following his alleged unlawful arrest and detention. Before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint.

The following facts are drawn from the complaint. Pruitt was released on a two-year period of parole from Vienna Correctional Center on or about March 17, 2008. The conditions of parole required him to undergo continuing mental health treatment among other things. On or about May 3, 2010, Pruitt was arrested by Defendants Green and Dunbar for failure to comply with the terms of his parole. Pruitt complains that Defendants did not have a warrant to arrest him and failed to give him a Miranda warning, and that Green falsely stated on a parole violation report that Pruitt had failed to attend mental health counseling in conformity with the conditions of his parole. As a result of his arrest, Pruitt was incarcerated from his arrest until October 5, 2011, and never given the opportunity to participate in a hearing regarding his incarceration.

Pruitt filed a *pro se* complaint on December 21, 2016, and counsel was recruited for him in 2017. Pruitt's operative complaint seeks redress under 42 U.S.C. § 1983 for Fourth Amendment claims of unlawful arrest and false swearing, and a Fourteenth Amendment claim of denial of due process with regard to the revocation of his parole. Defendants move to dismiss the complaint as time-barred, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim.

*Standard*

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all possible inferences in plaintiff's favor. See *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

The failure to file a complaint within the applicable limitations period is an affirmative defense. Fed. R. Civ. P. 8(c). Generally, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss." *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The general rule notwithstanding, "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id*.

*Discussion*

Defendants argue Pruitt's complaint should be dismissed because it was filed several years after the limitations period expired. Pruitt opposes the motion, arguing his claims should be tolled due to his mental condition from the time of his 2010 arrest through the filing of this action. According to Defendants, Pruitt has not shown that he suffers from a legal disability sufficient to warrant tolling.

Both the statute of limitations and principles of tolling are supplied to Pruitt's Section 1983 claims by Illinois law. *See Heard v. Sheahan*, 253 F.3d 316, 317 (7th Cir. 2001); *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Under Illinois law, the applicable limitations period is two years from the date of accrual. *See Jenkins*, 506 F. 3d at 623 (citing 735 ILCS § 5/13-202). The date of accrual, on the other hand, is supplied by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Heard*, 253 F.3d at 317-18. "A claim accrues for § 1983 purposes when the plaintiff knows or should know that his or her constitutional rights have been violated." *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (internal quotations omitted).

Pruitt's Fourth Amendment claims accrued upon his May 3, 2010 arrest, *see Wallace v. City of Chicago*, 440 F. 3d 421, 425 (7th Cir. 2006), and the latest his due process claim could have accrued is prior to his October 5, 2011 release. Because he did not file this action until December 12, 2016, his claims are barred by the statute of limitations unless tolled.

According to Pruitt, tolling is appropriate here because of his mental illness. Specifically, Pruitt argues from May 2010 to at least June 2017, he was incompetent as a result of mental illness including schizophrenia for which he takes medication, and that his state of mind prevented him from attending to his duties and affairs. To support his claim, Pruitt highlights the

challenged parole violation report's statement that he failed to follow his prescribed regimen, an IDOC Offender Tracking system document showing his discharge from custody "with no indication whatever that his schizophrenia had been improved or cured," his earlier complaint allegations that he had been transferred for failure to pursue mental health treatment, various arrest reports for probation violation and public indecency, and his asserted 2017 residency at Elgin Mental Health Center. [*See* dkt 53.] According to Defendants, Pruitt's evidence should be disregarded as improper on a motion to dismiss, and in any event, fails to establish that he suffers from a disability warranting tolling.

"Under Illinois law a person suffers under a legal disability if that person is entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." *Goodman v. Cook County*, 697 Fed. Appx. 460, 461 (7th Cir. 2017) (internal quotation omitted); *accord Basham v. Hunt*, 773 N.E.2d 1213, 1221 (Ill. App. Ct. 2002). "A legal disability will not be found if the plaintiff is able to comprehend "the nature of his injury and its implications." *Sille v. McCann Constr. Specialties Co.*, 265 Ill. App. 3d 1051, 1055 (1994).

Putting aside the procedural challenge to Pruitt's evidence, the Court agrees that he fails to assert any facts from which a legal disability could be found that prevented him from understanding the nature of his injury and its implications. Although Pruitt is correct that his IDOC discharge makes no mention of his schizophrenia having improved while he was in custody, the report makes no mention of schizophrenia or mental illness at all. Likewise, Pruitt's arrest reports do not demonstrate that he was "seriously mentally ill" as he argues; indeed, only one mentions schizophrenia and it does so only to report that he takes medication for it. Notably, the very basis of Pruitt's complaint is that the probation violation report falsely stated that he was not compliant with the mental health conditions of his release. [*See* dkt 39 ¶¶ 28-31.] He similarly alleged in his complaint that he received mental health treatment as an outpatient during the term of his parole, and that he "attended mental health services on a regular basis." [*See id* ¶ 13.]

The fact that Pruitt suffers from mental illness is not enough to toll the statute of limitations. *See Mihelic v. Will County, Ill.*, 826 F. Supp. 2d 1104, 1114-15 (N.D. Ill. 2011) (holding under Illinois law plaintiff's claim of bipolar disorder without showing of incapacity or inability to manage affairs did not warrant tolling); *Hall-Moten v. Smith*, No. 05 C 5510, 2009 WL 1033361 (N.D. Ill. April 17, 2009) (evidence of plaintiff's bipolar disorder, Attention Deficit Hyperactivity disorder, depression, low IQ, and pain and sickness from chemotherapy did not suggest he was unable to comprehend nature of injury or its implications). Because Pruitt has not adequately asserted that he was under a legal disability that tolled the statute of limitations, his claims are too late.

Moreover, even if Pruitt could successfully get around the timeliness issue, his complaint would nevertheless be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. In *Heck*, the Supreme Court held that, "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. The rule stems not from exhaustion principles, but from the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." *Heck*, 512 U.S. 486. *Heck* applies equally to challenges to revocation of parole. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000).

Pruitt seeks to avoid the *Heck* bar by arguing that his claims are "procedural" – *i.e.*, he challenges only the process by which his parole was revoked, rather than "the issue of his guilt or innocence in relation to the violation of which he was accused." [Dkt 53 at 8.] As Defendants correctly observe, however, the operative question is not how Pruitt characterizes his claims, but rather, whether the facts giving rise to his claims are the same facts that would be used to invalidate his parole revocation. *See Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003); *Wooten v. Law*, 118 Fed. Appx. 66 (7th Cir. 2004).

The Seventh Circuit has made this point clear. "It is irrelevant that [plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro*, 324 F.3d 490. Pruitt alleges that he was wrongfully imprisoned because Green and Dunbar had no basis to arrest him, Green made a false statement on the document charging him with parole violation, and he was denied the opportunity to challenge the charging document in a hearing. If the facts alleged proved to be true, it would call into question the revocation of his parole and his subsequent imprisonment. Without any allegation that his parole revocation was overturned prior to filing this action, his claims are barred by *Heck*.

## CONCLUSION

For all of the above mentioned reasons, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [46] is granted. Civil case terminated.

Date: 7/24/2018

_____
Jorge L. Alonso
United States District Judge

4